IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CREELED, INC., <br><br> Plaintiff, <br><br> v. <br><br> NANOLUMENS, INC., <br><br> Defendant. | Civil Action No: <br><br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff CreeLED, Inc. ("Cree LED" or "Plaintiff") files this Complaint for patent infringement against Defendant NanoLumens, Inc. ("NANOLUMENS" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of United States Patent Nos. US8049230 (the '230 Patent); US9054257 (the '257 Patent); US9831393 (the '393 Patent); US7718991 (the '991 Patent); US9240395 (the '395 Patent); and USD691100 (the 'D100 Patent) (collectively, the "Asserted Patents"). Specifically, Cree LED brings this action because NANOLUMENS willfully infringes the

Asserted Patents by selling high resolution video display panels that contain knock-off light-emitting diode ("LED") packages and components.

2. Cree LED, together with its predecessor, Cree, Inc., has over a thirty-year track record of innovations and industry firsts in LED technology driven by its investment in and focus on research and development. Cree LED's rich history of innovation has distinguished it as one of the LED industry's strongest brands. Today, Cree LED specializes in providing a broad portfolio of high-performance LED chips and components throughout the world. Cree LED's contributions to LED development and design serve as the basis for Cree LED's expansive portfolio of U.S. and worldwide patents, covering an array of innovative technologies.

3. Cree LED is committed to protecting and enforcing its valuable intellectual property.

4. Furthermore, as an industry leader, it is incumbent upon Cree LED to be a guardian of product quality in the LED industry by ensuring that its innovations are legitimately practiced with consistent high quality, especially given the integral role of LED technology in everyday life.

5. Cree LED is a member of the Penguin Solutions, Inc. ("PENGUIN") family of companies, and Cree LED and PENGUIN will together continue to place an emphasis on protecting and enforcing Cree LED's valuable intellectual property.

## PARTIES

6. Cree LED is a corporation formed under the laws of the state of Delaware, with a principal place of business at 4001 E. Hwy 54, Suite 2000, Durham, North Carolina.

7. Upon information and belief, NANOLUMENS is a corporation formed under the laws of the state of Georgia, with a principal place of business at 5390 Triangle Parkway, Suite 300, Peachtree Corners, GA 30091.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over NANOLUMENS because, upon information and belief, NANOLUMENS is a corporation formed under the laws of the state of Georgia and maintains its principal place of business in Georgia, from which, upon further information and belief, it markets and sells or has marketed and sold the infringing products described herein.

10. Venue is proper in this District under 28 U.S.C. § 1400(b) because (i) NANOLUMENS resides in this District for venue purposes, and (ii) upon information and belief, NANOLUMENS has committed acts of infringement and has a regular and established place of business in this District.

## FACTS

### The Asserted Patents

11. The '230 Patent is titled "Apparatus and System for Miniature Surface Mount Devices." The U.S. Patent and Trademark Office ("PTO") issued the '230 Patent on November 1, 2011. Cree LED is the owner of all rights, title, and interests in and to the '230 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '230 Patent is attached as **Exhibit A**.

12. The '257 Patent is titled "Water Resistant LED Devices and an LED Display Including Same." The PTO issued the '257 Patent on June 9, 2015. Cree LED is the owner of all rights, title, and interests in and to the '257 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '257 Patent is attached as **Exhibit B.**

13. The '393 Patent is titled "Water Resistant Surface Mount Device Package." The PTO issued the '393 Patent on November 28, 2017. Cree LED is the owner of all rights, title, and interests in and to the '393 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '393 Patent is attached as **Exhibit C.**

14. The '991 Patent is titled "Lighting Device and Method of Making." The PTO issued the '991 Patent on May 18, 2010. Cree LED is the owner of all rights,

title, and interests in and to the '991 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '991 Patent is attached as **Exhibit D**.

15. The '395 Patent is titled "Waterproof Surface Mount Device Package and Method." The PTO issued the '395 Patent on January 19, 2016. Cree LED is the owner of all rights, title, and interests in and to the '395 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '395 Patent is attached as **Exhibit E**.

16. The 'D100 Patent is titled "Miniature Surface Mount Device." The PTO issued the 'D100 Patent on October 8, 2013. Cree LED is the owner of all rights, title, and interests in and to the 'D100 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the 'D100 Patent is attached as **Exhibit F**.

## NANOLUMENS's Infringing Conduct

17. NANOLUMENS makes, uses, offers to sell, and/or sells high resolution LED video display panels. One such product is NANOLUMENS' "Nixel Series Outdoor P8 Display" (the "Infringing Product"), images of which, from NANOLUMENS's website, are shown below:



18. The Infringing Product meets each element of at least the following claims: claim 19 of the '230 Patent; claim 1 of the '257 Patent; claims 1 and 5 of the '393 Patent; claim 1 of the '991 Patent; claims 1 and 5 of the '395 Patent; and the designs claimed by the 'D100 Patent.[1]

19. NANOLUMENS has had notice of its infringement of the Asserted Patents since at least September 10, 2024, by virtue of a letter Cree LED sent to NANOLUMENS notifying NANOLUMENS of the Asserted Patents and NANOLUMENS's infringement thereof. Moreover, at NANOLUMENS's request, on February 27, 2025, Cree LED sent a follow-up letter attaching claim charts further

---

[1] Cree LED believes that discovery will reveal that NANOLUMENS sells additional infringing displays and LED components.

detailing NANOLUMENS's infringement of the Asserted Patents. Cree LED also marks its products by providing public notice of its LED component patents at https://www.cree-led.com/company/patents/. Upon information and belief, NANOLUMENS's infringement has thus been willful.

20. NANOLUMENS's infringement is causing irreparable harm and monetary damages to Cree LED, entitling Cree LED to both monetary damages and injunctive relief.

## COUNT I: INFRINGEMENT OF THE '230 PATENT UNDER 35 U.S.C. § 271

21. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

22. As detailed in the Claim Chart attached hereto as **Exhibit G**, NANOLUMENS directly and literally infringes one or more claims of the '230 Patent under 35 U.S.C. § 271(a), including at least Claim 19, by making, using, offering to sell, or selling in the United States the Infringing Product without permission or license from Cree LED.

23. In relation to Claim 19 of the '230 Patent, as detailed in **Exhibit G**, the Infringing Product has an LED display comprising:

    i. a substrate carrying an array of surface-mount devices ("SMDs") arranged in vertical columns and horizontal rows;

    ii. each of said SMDs comprise a dark casing;

    iii. each of said SMD's contain a vertically oriented, linear arrangement of LEDs adapted to be energized to produce in combination a substantially full range of colors and to define one pixel of the display; and

    iv. signal processing and LED drive circuitry electrically connected to selectively energize the array of SMDs for producing visual images on the display.

24. Upon information and belief, to the extent the Infringing Product is found not to literally infringe Claim 19 of the '230 Patent, such display infringes at least Claim 19 of the '230 Patent under the doctrine of equivalents because it performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

25. Upon information and belief, NANOLUMENS has made and is continuing to make unlawful gains and profits from its infringement of the '230 Patent.

26. As detailed in Paragraph 19 above, NANOLUMENS's infringement of the '230 Patent has been willful.

27. NANOLUMENS's infringement has caused and will continue to cause irreparable harm to Cree LED unless NANOLUMENS's infringing activities are permanently enjoined by this Court.

28. NANOLUMENS's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT II: INFRINGEMENT OF THE '257 PATENT UNDER 35 U.S.C. § 271

29. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

30. As detailed in the Claim Chart attached hereto as **Exhibit G**, NANOLUMENS directly and literally infringes one or more claims of the '257 Patent under 35 U.S.C. § 271(a), including at least Claim 1, by making, using, offering to sell, or selling in the United States the Infringing Product without permission or license from Cree LED.

31. In relation to Claim 1 of the '257 Patent, as detailed in **Exhibit G**, the Infringing Product contains a light emitting diode (LED) package comprising:

    i. a first plastic portion having a mounting surface and a lower surface; and

    ii. a second portion surrounding the first plastic portion and exposing the mounting surface and the lower surface of the first plastic portion,

    iii. wherein the first plastic portion and the second portion have different optical properties.

32. Upon information and belief, to the extent the Infringing Product is found not to literally infringe Claim 1 of the '257 Patent, such display infringes at least Claim 1 of the '257 Patent under the doctrine of equivalents because it performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

33. Upon information and belief, NANOLUMENS has made and is continuing to make unlawful gains and profits from its infringement of the '257 Patent.

34. As detailed in Paragraph 19 above, NANOLUMENS's infringement of the '257 Patent has been willful.

35. NANOLUMENS's infringement has caused and will continue to cause irreparable harm to Cree LED unless NANOLUMENS's infringing activities are permanently enjoined by this Court.

36. NANOLUMENS's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT III: INFRINGEMENT OF THE '393 PATENT UNDER 35 U.S.C. § 271

37. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

38. As detailed in the Claim Chart attached hereto as **Exhibit G**, NANOLUMENS directly and literally infringes one or more claims of the '393

Patent under 35 U.S.C. § 271(a), including at least Claim 1, by making, using, offering to sell, or selling in the United States the Infringing Product without permission or license from Cree LED.

39. In relation to Claim 1 of the '393 Patent, as detailed in **Exhibit G**, the Infringing Product contains an emitter package comprising:

    i. a casing comprising a cavity extending into an interior of the casing from a top surface of the casing;

    ii. an electrically conductive lead frame coupled to the casing and comprising a plurality of leads, each lead of the plurality of leads comprising a package mounting portion in a first plane, a device mounting portion in a plane other than the first plane, and an intermediate portion between the first plane and the second plane, at least one lead in the plurality of leads having a first surface, and a second surface opposite the first surface, in which the plurality of leads comprises a plurality of electrically conductive cathode parts and a plurality of electrically conductive anode parts, in which the plurality of electrically conductive anode parts are separated by a gap from the plurality of electrically conductive cathode parts;

    iii. at least one lead of the plurality of leads comprising at least one

        feature in a first portion of the electrically conductive lead frame, wherein the at least one feature comprises at least one of a through-hole, a cut, a spot punch, a U-bend, a projection, and an indentation, in which a material of the casing contacts the at least one feature, wherein the at least one feature is distinct from the gap and in at least the first surface and the second surface, in which a portion of the first surface and a portion of the second surface comprising the at least one feature is entirely inside the casing; and

    iv.    a plurality of light emitting devices coupled to the electrically conductive lead frame, in which the plurality of light emitting devices and at least a second portion of the electrically conductive lead frame distinct from the first portion of the electrically conductive lead frame are exposed through the cavity.

40. Upon information and belief, to the extent the Infringing Product is found not to literally infringe Claim 1 of the '393 Patent, such display infringes at least Claim 1 of the '393 Patent under the doctrine of equivalents because it performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

41. Upon information and belief, NANOLUMENS has made and is continuing to make unlawful gains and profits from its infringement of the '393 Patent.

42. As detailed in Paragraph 19 above, NANOLUMENS's infringement of the '393 Patent has been willful.

43. NANOLUMENS's infringement has caused and will continue to cause irreparable harm to Cree LED unless NANOLUMENS's infringing activities are permanently enjoined by this Court.

44. NANOLUMENS's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT IV: INFRINGEMENT OF THE '991 PATENT UNDER 35 U.S.C. § 271

45. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

46. As detailed in the Claim Chart attached hereto as **Exhibit G**, NANOLUMENS directly and literally infringes one or more claims of the '991 Patent under 35 U.S.C. § 271(a), including at least Claim 1, by making, using, offering to sell, or selling in the United States the Infringing Product without permission or license from Cree LED.

47. In relation to Claim 1 of the '991 Patent, as detailed in **Exhibit G**, the Infringing Product contains a lighting device comprising:

    i.    at least one solid state light emitter;

    ii.    at least a first electrode and a second electrode, said first electrode and said second electrode each being electrically connected to said solid state light emitter;

    iii.    an encapsulant element that defines part of an outer surface of said lighting device, at least one region of said encapsulant element comprising at least one silicone compound and extending to said outer surface of said lighting device;

    iv.    at least one supporting region, at least a portion of said first electrode being surrounded by said supporting region; and

    v.    a reflective element, said solid state light emitter being mounted on said reflective element,

    vi.    said encapsulant element and said at least one supporting region together defining said outer surface of said lighting device, said outer surface of said lighting device substantially encompassing said solid state light emitter.

48. Upon information and belief, to the extent the Infringing Product is found not to literally infringe Claim 1 of the '991 Patent, such display infringes at least Claim 1 of the '991 Patent under the doctrine of equivalents because it performs

substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

49. Upon information and belief, NANOLUMENS has made and is continuing to make unlawful gains and profits from its infringement of the '991 Patent.

50. As detailed in Paragraph 19 above, NANOLUMENS's infringement of the '991 Patent has been willful.

51. NANOLUMENS's infringement has caused and will continue to cause irreparable harm to Cree LED unless NANOLUMENS's infringing activities are permanently enjoined by this Court.

52. NANOLUMENS's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT V: INFRINGEMENT OF THE '395 PATENT UNDER 35 U.S.C. § 271

53. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

54. As detailed in the Claim Chart attached hereto as **Exhibit G**, NANOLUMENS directly and literally infringes one or more claims of the '395 Patent under 35 U.S.C. § 271(a), including at least Claim 1, by making, using, offering to sell, or selling in the United States the Infringing Product without permission or license from Cree LED.

55. In relation to Claim 1 of the '395 Patent, as detailed in **Exhibit G**, the Infringing Product contains an emitter package comprising:

   i. a casing comprising a cavity extending into the interior of said casing from a top surface of said casing;

   ii. an electrically conductive lead frame integral to said casing, said lead frame comprising v-cuts shaped to receive a casing material;

   iii. a plurality of light emitting devices on conductive carrier parts of said lead frame, said light emitting devices and portions of said lead frame exposed through said cavity; and

   iv. a plurality of wire bonds electrically connecting each of said light emitting devices to conductive connection parts of said lead frame, wherein the length, thickness, and loop height of said wire bonds is controlled to improve reliability of said package;

   v. wherein said emitter package is substantially UV resistant and waterproof.

56. Upon information and belief, to the extent the Infringing Product is found not to literally infringe Claim 1 of the '395 Patent, such display infringes at least Claim 1 of the '395 Patent under the doctrine of equivalents because it performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

57. Upon information and belief, NANOLUMENS has made and is continuing to make unlawful gains and profits from its infringement of the '395 Patent.

58. As detailed in Paragraph 19 above, NANOLUMENS's infringement of the '395 Patent has been willful.

59. NANOLUMENS's infringement has caused and will continue to cause irreparable harm to Cree LED unless NANOLUMENS's infringing activities are permanently enjoined by this Court.

60. NANOLUMENS's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

### COUNT VI: INFRINGEMENT OF THE 'D100 PATENT UNDER 35 U.S.C. § 271

61. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

62. As detailed in the Claim Chart attached hereto as **Exhibit G**, NANOLUMENS directly infringes the designs of the 'D100 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling in the United States the Infringing Product without permission or license from Cree LED.

63. Upon information and belief, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the designs of the Infringing Product are

substantially the same as the designs claimed in the 'D100 Patent as detailed in **Exhibit G**.

64.	Upon information and belief, NANOLUMENS has made and is continuing to make unlawful gains and profits from its infringement of the 'D100 Patent.

65.	As detailed in Paragraph 19 above, NANOLUMENS's infringement of the 'D100 Patent has been willful.

66.	NANOLUMENS's infringement has caused and will continue to cause irreparable harm to Cree LED unless NANOLUMENS's infringing activities are permanently enjoined by this Court.

67.	NANOLUMENS's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cree LED respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cree LED respectfully requests that:

A.	NANOLUMENS be adjudicated by this Court to have directly infringed one or more claims of each of the Asserted Patents either literally or under the doctrine of equivalents under 35 U.S.C. § 271;

B. NANOLUMENS be adjudicated by this Court to have willfully infringed one or more claims of each of the Asserted Patents from the time of its notice of alleged infringement, and that Cree LED be awarded treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

C. NANOLUMENS be ordered by this Court to account for and pay Cree LED damages adequate to compensate Cree LED for the infringement of one or more claims of the Asserted Patents, pursuant to 35 U.S.C. § 284;

D. This Court enter a permanent injunction pursuant to 35 U.S.C. § 283 preventing continuing infringement of one or more claims of each of the Asserted Patents, and enjoining importation, sales and distribution of the Infringing Product;

E. This case be deemed exceptional and Cree LED be awarded interests, costs, expenses, and reasonable attorneys' fees for this suit as provided by 35 U.S.C. § 285; and

F. Cree LED be awarded such other and further relief as this Court may deem just and proper.

Dated: July 15, 2025                        Respectfully submitted,

                                            /s/ *Preston H. Heard*
                                            Preston H. Heard

State Bar No. 476319
Christine H. Dupriest
State Bar No. 874494
Kate Johnson
State Bar No. 110551
**WOMBLE BOND DICKINSON (US), LLP**
1331 Spring Street NW, Suite 1400
Atlanta, GA  30309
Telephone:  (404) 888-7366

Email:  Preston.Heard@wbd-us.com
Email:  Christine.Dupriest@wbd-us.com
Email:  Kate.Johnson@wbd-us.com

John F. Morrow, Jr. (*pro hac vice* to be filed)
North Carolina Bar No. 23382
**WOMBLE BOND DICKINSON (US), LLP**
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3584
Email:  John.Morrow@wbd-us.com

James Dority (*pro hac vice* to be filed)
South Carolina Bar No. 104627
**WOMBLE BOND DICKINSON (US), LLP**
550 South Main Street, Suite 400
Greenville, SC  29601
Email:  James.Dority@wbd-us.com

*Attorneys for Plaintiff CreeLED, Inc.*