# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| CREELED, Inc., | |
| *Plaintiff*, | Civil Action No. |
| *v.* | 1:25-cv-03917-MLB |
| NANOLUMENS, INC., | |
| *Defendant.* | **JURY TRIAL DEMANDED** |

## DEFENDANT NANOLUMENS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant NanoLumens, Inc. ("Defendant" or "NanoLumens"), by and through its counsel, submits its Answer and Affirmative Defenses in response to Plaintiff CreeLED, Inc.'s ("Plaintiff" or "Cree LED") the Complaint (Dkt. 1). In addition to the below responses, NanoLumens specifically denies any allegations or averments not specifically admitted herein.

## NATURE OF THE ACTION

1.     NanoLumens admits that this is a case brought under the patent laws of the United States, 35 U.S.C. § 271 et seq. NanoLumens denies the remaining allegations of this Paragraph.

2.     NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

3. Denied.

4. Denied.

5. NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## PARTIES

6. NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

7. Admitted that NanoLumens is a corporation formed under the laws of the state of Georgia. NanoLumens denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. NanoLumens admits that the Complaint purports to state a claim for patent infringement under the laws of the United States, 35 U.S.C. § 271 *et seq*. NanoLumens admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. NanoLumens does not contest personal jurisdiction for purposes of this action. NanoLumens denies the remaining allegations of Paragraph 9.

10. NanoLumens does not contest venue for purposes of this action. NanoLumens denies the remaining allegations of Paragraph 10.

**FACTS**

11.    NanoLumens admits that United States Patent No. 8,049,230 ("the '230 Patent") is entitled "Apparatus and System for Miniature Surface Mount Devices" and appears to have an issue date of November 1, 2011. NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 11.

12.    NanoLumens admits that United States Patent No. 9,054,257 (the "'257 Patent") is entitled "Water Resistant LED Devices and an LED Display Including Same" and appears to have an issue date of June 9, 2015. NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 12.

13.    NanoLumens admits that United States Patent No. 9,831,393 (the "'393 Patent") is entitled "Water Resistant Surface Mount Device Package" and appears to have an issue date of November 28, 2017. NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 13.

14.    NanoLumens admits that United States Patent No. 7,718,991 (the "'991 Patent") is entitled "Lighting Device and Method of Making" and appears to have an issue date of May 18, 2010. NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 14.

3

15.    NanoLumens admits that United States Patent No. 9,240,395 (the "'395 Patent") is entitled "Waterproof Surface Mount Device Package and Method" and appears to have an issue date of January 19, 2016. NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 15.

16.    NanoLumens admits that United States Design Patent No. D691,100 (the "'D100 Patent") is entitled "Miniature Surface Mount Device" and appears to have an issue date of October 8, 2013. NanoLumens is without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 16.

17.    NanoLumens admits that it manufactures, markets, and sells high resolution LED video display panels, including the Nixel Series Outdoor P8 Display. NanoLumens denies any and all infringement by this or any other NanoLumens product. NanoLumens denies the remaining allegations in Paragraph 17.

18.    Denied.

19.    NanoLumens defers to the referenced letter for its content. NanoLumens denies the remaining allegations of Paragraph 19.

20.    Denied.

## COUNT I: INFRINGEMENT OF THE '230 PATENT
## UNDER 35 U.S.C. § 271

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

## COUNT II: INFRINGEMENT OF THE '257 PATENT
## UNDER 35 U.S.C. § 271

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

## COUNT III: INFRINGEMENT OF THE '393 PATENT
## UNDER 35 U.S.C. § 271

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

## COUNT IV: INFRINGEMENT OF THE '991 PATENT
## UNDER 35 U.S.C. § 271

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

## COUNT V: INFRINGEMENT OF THE '395 PATENT
## UNDER 35 U.S.C. § 271

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT VI: INFRINGEMENT OF THE 'D100 PATENT
## UNDER 35 U.S.C. § 271

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

## PRAYER FOR RELIEF

NanoLumens respectfully requests that this Court deny any and all requests for relief by Cree LED and that Cree LED take nothing by way of its Complaint. NanoLumens further requests all other relief for NanoLumens that this Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

NanoLumens asserts the following Affirmative Defenses without assuming the burden of proof as to any issue, claim, or defense for which Cree LED bears the burden of proof and reserving the right to amend this Answer and any defense and to assert any additional defenses, when, and if, in the course of investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such modified or additional defenses. NanoLumens raises the following separate, distinct and affirmative defenses:

### First Defense: Failure to State a Claim

71.    Cree LED's Complaint fails to state a claim upon which relief may be granted.

### Second Defense: Non-Infringement

72.    NanoLumens asserts that Cree LED has not and cannot not meet its burden of establishing NanoLumens' products infringe or have infringed, and that

its products do not infringe and have not infringed any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

## Third Defense: Invalidity

73. The asserted claims of the Patents-in-Suit are invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. NanoLumens further anticipates filing a motion under Fed.R.Civ.P 12(c) for Judgment On The Pleadings as to one or more of these defenses.

## Fourth Defense: Prosecution History Estoppel

74. Cree LED is estopped by representations and concessions made to the United States Patent Office from claiming infringement either literally or under the doctrine of equivalents.

## Fifth Defense: Marking and Notice

75. Cree LED's claims for relief for the Patents-in-Suit are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287. To the extent that Cree LED, its predecessors in interest, or its licensees failed to properly mark any of the accused products as required by 35 U.S.C. § 287 or otherwise give required notice that NanoLumens' actions allegedly infringed the Patents-in-Suit, NanoLumens is not liable to Cree LED for the acts alleged to have been performed before it received actual notice that it was allegedly infringing.

## Sixth Defense: License

76.    Cree LED's claims for relief for the Patents-in-Suit are limited by direct or implied license as the Patents-in-Suit to the extent covered by an existing license and the accused products incorporated components from one or more of those licensees.

## Seventh Defense: No Injunctive Relief

77.    Cree LED is not entitled to injunctive relief under any theory, including because: (1) Cree LED has not suffered, and will not suffer, any irreparable harm because of NanoLumens' conduct; (2) any harm to Cree LED would be outweighed by the harm to NanoLumens if an injunction were entered; (3) monetary damages are an adequate remedy to compensate Cree LED even if it were to prevail in this action; and (4) an injunction in favor of Cree LED would not serve the public interest. Among other things, Cree LED is not able to meet the standards for such relief as set forth in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006).

## Eighth Defense: Equitable Relief

78.    Cree LED's claims of infringement are barred, in whole or in part, under the doctrine of estoppel, including collateral estoppel, res judicata, or estoppel under the Kessler doctrine, waiver, acquiescence, patent misuse, and/or unclean hands.

## Ninth Defense: Not an Exceptional Case

79.    Cree LED cannot prove that this is an exceptional case justifying an award of attorney fees against NanoLumens pursuant to 35 U.S.C. § 285.

## Tenth Defense: No Damages

80.    Cree LED cannot show that NanoLumens has engaged in any conduct that would justify an award of enhanced damages against NanoLumens pursuant to 35 U.S.C. § 284.

## RESERVATION OF RIGHTS

NanoLumens has insufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional affirmative defenses and/or counterclaims available and therefore reserves the right to amend this Answer to add, delete, or modify defenses or add counterclaims based upon legal theories that may or will be divulged through clarification of Cree LED's claims, through discovery, or through further legal analysis of Cree LED's claims and positions in this litigation.

## PRAYER FOR RELIEF

Wherefore, NanoLumens respectfully requests the Court to dismiss Cree LED's Complaint, declare this an exceptional case in favor of NanoLumens, award NanoLumens its attorneys' fees and costs incurred in this case, and award NanoLumens such other and further relief as this Court may deem just and proper.

Dated:  June 15, 2026

Respectfully submitted,

*/s/ Haden R. Marrs*

Haden R. Marrs, State Bar No. 817198
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Tel: (404) 885-3000
Fax: (404) 885-3900
haden.marrs@troutman.com

Kal K. Shah (*Pro Hac Vice forthcoming*)
Simeon G. Papacostas (*Pro Hac Vice forthcoming*)
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
71 South Wacker Drive, 16th Floor
Chicago, Illinois 60606
Tel: (312) 212-4979
Fax: (312) 767-9192
kshah@beneschlaw.com
spapacostas@beneschlaw.com

*Attorneys for Defendant Nanolumens, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2026, a copy of *DEFENDANT NANOLUMENS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES* was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record as follows:

Preston H. Heard, State Bar No. 476319
Christine H. Dupriest, State Bar No. 874494
Kate Johnson, State Bar No. 110551
WOMBLE BOND DICKINSON (US), LLP
1331 Spring Street NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email: Christine.Dupriest@wbd-us.com
Email: Kate.Johnson@wbd-us.com

John F. Morrow, Jr. (*pro hac vice* to be filed)
North Carolina Bar No. 23382
WOMBLE BOND DICKINSON (US), LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3584
Email: John.Morrow@wbd-us.com

James Dority (*pro hac vice* to be filed)
South Carolina Bar No. 104627
WOMBLE BOND DICKINSON (US), LLP
550 South Main Street, Suite 400
Greenville, SC 29601
Email: James.Dority@wbd-us.com

/s/ Haden R Marrs
Haden R. Marrs

13